IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 07–cr–00113–REB
Civil Action No. 08–cv–02160–REB–KMT

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID GLENN COX,

    Defendant.

___

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case comes before the court on the "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" filed October 6, 2008. (Doc. No. 30 [Mot.].) The United States of America filed its Response on November 20, 2008. (Doc. No. 37 [Resp.].) This motion is ripe for review and recommendation.

## BACKGROUND

In October 2006, an indictment was returned against the defendant charging him with four counts of bank robbery. (Doc. No. 3.) The counts were based on four separate robberies of Wells Fargo and TCF Banks occurring between July 17, 2006, and August 18, 2006. (*Id.*) Following Defendant's arrest, he confessed to committing additional bank robberies in New Mexico and Nevada. (Doc. No. 25 at 6–7.) Indictments subsequently were returned in those

jurisdictions and transferred to Colorado pursuant to Fed. R. Crim. P. 20. (*See* Doc. Nos. 13, 17.)

In June 2007, Defendant pleaded guilty to two of the Colorado bank robberies, two New Mexico bank robberies, and one Nevada bank robbery. (Doc. Nos. 25, 29 at 1–2, 5–6.) Though Defendant did not enter guilty pleas to the California robberies (*see* Doc. No. 25), Defendant agreed to pay restitution in connection with three bank robberies he was charged with committing in California in 2005 and 2006, in expectation that the U.S. Attorney in California would dismiss the charges. (*Id.*, Addendum A.) The Plea Agreement stated that Defendant was "believed to be a career offender, giving him a CHC of VI" and that his advisory guideline range would be 151 to 188 months' imprisonment. (*Id.*, ¶¶ V.F. and V.H.) Defendants' lengthy prior criminal history is chronicled in the sealed Presentence Investigation Report (PSI). (*PSI* at 15–20.) The PSI also relates that Defendant has a history of mental health problems, for which he has been prescribed medications that include Lithium, Prozac, and Risperdal. (*Id.* at 23.) On October 5, 2007, District Judge Robert E. Blackburn sentenced Defendant to concurrent terms of 168 months' imprisonment. (Doc. Nos. 28, 29.)

## LEGAL STANDARDS

*A.*     **Pro Se** *Defendant*

Defendant is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to

less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a Defendant can prove facts that have not been alleged, or that a defendant has violated laws in ways that a Defendant has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a Defendant's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the Defendant in the absence of any discussion of those issues"). The Defendant's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

**B.     *Title 28 U.S.C. § 2255***

Title 28 U.S.C. § 2255 entitles a prisoner to relief "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(a). To warrant relief under § 2255, the errors of which the defendant complains must amount to a fundamental miscarriage of justice. *Davis v. U.S.*, 417 U.S. 333, 346 (1974); *Hill v. U.S.*, 368 U.S. 424, 428 (1962). The court must hold an evidentiary hearing on a section 2255 motion '[u]nless the motion and files and records of the case conclusively show that the

prisoner is entitled to no relief.' " *United States v. Galloway,* 56 F.3d 1239, 1240 n. 1 (10th Cir. 1995) (quoting 28 U.S.C. § 2255(b)). A court need not grant an evidentiary hearing where the factual allegations are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); see also *United States v. Sanchez,* 105 F.3d 670, 1997 WL 8842, *3 (10th Cir .1997) (table opinion) ("[D]efendant's conclusory allegations . . . which contradict the record made at the plea hearing, were insufficient to require an evidentiary."). This court finds that an evidentiary hearing is not required because the factual allegations made by the defendant are wholly contradicted by the record, and the defendant is not entitled to relief.

## ONE-YEAR LIMITATION PERIOD FOR FILING MOTION TO VACATE

Respondent does not challenge the timeliness of the Motion under the one-year limitation period set forth in 28 U.S.C. § 2255(f). (*See* Resp. at 2.)

## ANALYSIS

Defendant alleges during all times he appeared in court he was using psychiatric medications, including Prozac and Respidol. (Mot. at 5.) Defendant alleges, "[T]he judge told my attorney and the prosecutor that I probably was eligible for a downward departure due to the medications I was taking." (*Id.*) Defendant contends at some later time it was brought to his attention that his attorney "should have petitioned the court for that downward departure." (*Id.*) Defendant alleges his counsel's failure to ask for a downward departure was ineffective assistance of counsel. (*Id.*)

To establish ineffectiveness of counsel, Defendant must show (1) that his counsel's actions fell below an objective standard of reasonableness, and (2) that the attorney's conduct prejudiced the proceedings such that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." 466 U.S. at 690. For counsel's performance to be constitutionally ineffective, "it must have been completely unreasonable, not merely wrong." *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999). It is the defendant's burden to overcome the presumption that counsel's assistance was sound strategy under the circumstances. *Id.* Conclusory allegations without supporting factual averments are insufficient to support a claim of ineffective assistance of counsel. *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

Defendant does not identify the court appearance at which the judge allegedly stated he would be eligible for a downward departure due to the psychiatric medications he was taking. This court, upon review of the transcripts of the change of plea hearing and the sentencing hearing, is unable to locate such a statement. (*See* Doc. Nos. 34, 35.) During the change of plea hearing, Judge Blackburn had the following colloquy with the defendant regarding the medications he was taking:

> Q       Are you currently under the influence of or impaired by drugs, narcotics,
>         marijuana, alcohol, medications or any form of intoxicant?
>         MS. FISCH: Your Honor, he is currently taking, my understanding
>         from him, is Prozac. He takes lithium and another mental health
>         drug.

        When he told me that yesterday that he has been on those drugs for quite a while, I asked him if they had any affect on his ability to understand or his cognitive abilities while I was talking to him yesterday and he said no. And I told him today that your concern would be whether those medications were affecting his ability to understand you.

        THE COURT: All of that is correct.

BY THE COURT:

Q    Let's talk about psychotropic medications for diagnosed mental illness. What's your understanding of your diagnosis or your diagnoses?

A    The psychologist said that it would be -- it's, um, it is depression and other things.

Q    And are you receiving treatment for that diagnosed depression?

A    Yes.

Q    And does that include being seen and examined by a psychiatrist, psychologist or other mental health professional?

A    Yes.

Q    Does it also include group therapy?

A    No.

Q    One-on-one therapy?

A    Yes.

Q    And does it also include treatment through these medications?

A    Yes.

Q    And you have identified at least two, Prozac and lithium, probably lithium carbonate?

A    Yes.

Q    Any others come to your mind?

A    There is a couple of other pills but I forget what they are called.

Q    All right. Well, I am keenly interested in how you feel right now, physically, psychologically, and emotionally. Is there anything about the way you feel right now, physically or emotionally, that prevents you from clearly understanding these proceedings?

A    No.

Q    And are you prepared to proceed?

A    Yes.

Q    And again, if there comes a point in time when you do not understand me, whatever the reason, including the effect of these medications, it will be your duty to bring such a circumstance to my attention. Do you understand that?

A    Yes.

Q    And will you do that?

A    Yes.

> Q. Now, you may do that either through Ms. Fisch, your attorney, or directly to me. Do you understand that as well?
> A. Yes

(Doc. No. 35 at 11, l. 16–13, l. 21.) The only mention of a motion for downward departure in either the change of plea hearing or the sentencing hearing occurred during the change of plea hearing, when Judge Blackburn advised the defendant that the government could, in its sole discretion and determination, if it believed that the defendant had provided substantial assistance as a part of the defendant's cooperation and debriefing, file a motion for downward departure. (*Id.* at 18, ll. 2–7.) Before concluding the plea hearing, Judge Blackburn confirmed that Defendant was satisfied with his counsel's handling of the case and plea negotiations. (*Id.* at at 31, ll. 4–10.)

Under 18 U.S.C. § 3553(a), a court may consider the history and characteristics of a defendant in imposing sentence. During the sentencing hearing, Defendant's counsel urged the court to impose a sentence of 151 months—the low end of the advisory Guideline range—based largely upon Defendant's family history and mental health issues. (*Id.* at 6, l. 4–10, l. 7.) Judge Blackburn examined the factors of § 3553(a) in light of the defendant's personal and criminal history (*id.* at 17, l.18–21, l. 18), and sentenced Defendant to concurrent terms of 168 months' imprisonment (*id.* at 21, l. 15–18)—a less-than-maximum sentence (*id.* at 6–9). Judge Blackburn also confirmed the advisory sentencing range of 151 to 188 months and found "there is no formal request or reason to depart from the advisory Sentencing Guideline range." (Doc. No. 235 at 17, ll. 12–14.)

The transcripts do not support Defendant's allegation that Judge Blackburn indicated a downward departure would be appropriate based upon the medications the defendant was taking at the time of his court appearances, nor do the transcripts suggest that a departure motion would have been appropriate for counsel to file or that such a motion would have been considered by Judge Blackburn.

Defendant's allegation that Judge Blackburn told defense counsel and the prosecutor that the defendant was eligible for a downward departure due to the medications he was taking is conclusory and unsupported and, therefore, insufficient to support his claim of ineffective assistance of counsel. *Fisher*, 38 F.3d at 1147. Defendant could not have had a reasonable expectation that the court would consider a downward departure based upon Defendant's use of medications at either the change of plea or sentencing hearing. Because the Judge Blackburn never suggested that the defendant's medication intake warranted a downward departure, his counsel did not perform ineffectively by not seeking such a departure.

As Defendant has failed to show that his counsel's actions fell below an objective standard of reasonableness or that his attorney's conduct prejudiced the proceedings such that the outcome of the proceedings would have been different, *Strickland*, 466 U.S. at 687, Defendant's motion is properly denied.

WHEREFORE, for the foregoing reasons, this court respectfully

**RECOMMENDS** that the habeas corpus application be DENIED and the action be DISMISSED WITH PREJUDICE.

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal

the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 4th day of April, 2011.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge